IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIKE FIGUEROA<br>Plaintiff<br><br>Vs.<br><br>ANTHONY PRINCIPI<br>DEPARTMENT OF VETERANS AFFAIRS<br>    Defendant | CIVIL NO. 04-1569<br><br><br>FOR:  DAMAGES BASED ON<br>DISCRIMINATION FOR AGE |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW, Plaintiff, through the undersigned attorney, hereby alleges and prays as follows:

<u>Jurisdiction and Venue</u>

1. This is a civil action brought under the Age Discrimination in Employment Act (ADEA), 29 USC 621 et seq and Title VII of the Civil Rights Act of 1964, 42 USC Section 2000 et seq. and the Constitution of the United States. Plaintiff has complied fully with all the prerequisites to jurisdiction in this Honorable Court under the ADEA by which jurisdiction is founded upon 29 USC 633 (a).  The amount in controversy exceeds the sum of Fifty Thousand dollars ($50,000), exclusive of costs and attorneys fees.

2. This Court has jurisdiction to entertain the claims pleaded herein pursuant to 28 U.S.C. 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. 1391 (a) (b).

4. Plaintiff, Mike Figueroa Torres is of legal age, married, a resident of Trujillo Alto, Puerto Rico, and of sound mind.

5. When Plaintiff filed its initial Equal Employment Opportunity (EEO) Complaint he was forty (40) years old. At the time of this filing Plaintiff is forty-one (41) years old.

6. At the time when the discriminatory acts occurred, Plaintiff was the Major Project Construction Coordinator (GS/13) at the Agency. Plaintiff is presently assigned to a position within the Joint Commission Team of the Agency.

7. On February 22, 2002, Plaintiff filed an initial EEO Complaint alleging that he had been discriminated based on his national origin (hispanic) when he was given disciplinary action that required him to be under a performance improvement plan based on his alleged failure to communicate with his supervisor, Charles Morley.

8. By March 15, 2002, Plaintiff was given a letter of proposed admonishment for his alleged insubordination when he refused to sign the COTR delegation memo. By May 15, 2002 the Associate Center Director sustained the disciplinary action.

9. This EEO Complaint was given Agency's Case Number 2001-0672-2002-102272 and was investigated by the Agency. Subsequent actions taken by the Agency revealed to Plaintiff that the motivation behind the disciplinary action was part of a pre-selection process to occupy the positions of FMS Chief, FMS Assistant Chief and Chief of Planning and Project Section.

10. On May 12, 2003, Plaintiff filed an additional EEO Complaint alleging that he was not selected to the positions of FMS Chief, FMS Assistant Chief and Chief of Planning and Project Section, and promoted to these positions.

11.     This EEO Complaint was given Agency's Case number 2001-0672-2003102805 and was investigated by the Agency.

12.     Plaintiff alleged that he was discriminated based on his prior EEO activity and his age.

13.     Plaintiff commenced to work for Defendant on February 1989. He was hired for the position of Industrial Engineer GS/5.

14.     Plaintiff was upwardly promoted to the position he presently occupies.

15      As a major project construction coordinator, Plaintiff was responsible for coordinating the construction of projects with approximate values of 55 Million Dollars and more.

16.     On the year 1989 Hurricane Hugo affected Defendant's facility, Plaintiff was the one of the Engineers that volunteered to stay after the hurricane to maintain the Hospital's operation.

17.     Absent Manuel Bou Plaintiff acted as Acting Chief Engineering Service and when Mr. Bou occupied the position of Acting Chief of the Service, Plaintiff acted as Acting Assistant Chief. This arrangement continued even after the Engineering Service was consolidated with Environmental Management Service.

18.     Plaintiff was required to attend the morning meetings held by the Director, Associate Center Director and Chief of Staff.

19.     During his 16 years of work experience at Defendant's Plaintiff received commendation letters, awards and high performance appraisals. He has even been identified as one of the Agency's champion.

20. On March 30, 2002, the FMS Chief Charles Morley was transferred to a position in Washington DC.

21. Based on his professional capacity and his years of experience with Defendant, Plaintiff applied for the Chief FMS position when the position was opened. He was never interviewed for the position.

22. Plaintiff was not selected. Mr. Jaime Marrero a younger engineer was selected. Mr. Marrero was not the best candidate for the position.

23. None of the criteria allegedly used by this panel to select FMS the Chief was contained in the vacancy announcement for this position. Even Plaintiff's application was claimed to be lost by the Agency during the selection process.

24. Plaintiff applied for the position of Assistant Chief of the FMS Service and a younger male was selected. Mr. Wilfredo Quiñones was selected. Mr. Wilfredo Quinones was Mr. Marrero's subordinate in his prior position. Plaintiff was interviewed for this position by Ms. Evelyn Ramos, Damaris Tosado, Wally Thompson and the Service Chief, Mr. Marrero. The person selected had only occupied a GS/11 position.

25. Plaintiff also applied for the position of Chief of Planning and Project Section.

26. Eng. Jaime Marrero, the new Chief of FMS has made comments against those filing EEO complaints and has allowed the use of derogatory remarks against other co-workers who are older than Plaintiff.

27. During the course of his performance as Chief, Mr. Marrero has been unable to demonstrate leadership capabilities and the ability to run the FMS Service. Mr. Wally Thompson is currently mentoring him.

28. Defendant's conduct violates 29 USC, section 621 et seq in that it has failed to provide Plaintiff with employment conditions and relationships under he could safely work, free for age discrimination.

29. Defendant has failed to discharge, suspend, reprimand or otherwise discipline Plaintiff's co-workers, who perpetrated derogatory remarks against him.

30. As a proximate result of Defendant's discriminatory practices, Plaintiff has suffered intensively, has been emotionally injured after he was not selected for the positions he has applied.

31. Defendant is liable to Plaintiff as defined in the Statute and is entitled to the concession of back pay.

32. Defendant's conduct has denied and will continue to deny Plaintiff's equal protection and civil rights guaranteed by the Constitution and Laws of the United States.

33. Defendant's policies and practices based on national origin and age as described above have deprived Plaintiff of equal employment opportunities and resulted in a pre-selection of a younger candidate for both the Chief, Assistant Chief and Chief of Planning and Project Section positions.

34. Defendant's discriminatory conduct constitutes a willful violation of the law. The acts and omissions of Defendant and its agents, representatives and/or supervisors, were intentional, malicious and in reckless disregard of Plaintiff's sensibility and were an abuse of authority.

35. Defendant's discriminatory actions, inactions, policies and practices against Plaintiff because of his age, have been the direct cause of Plaintiff's continuing substantial

loss of income (past, actual and future), embarrassment, humiliation, physical pain, mental anguish and emotional suffering.

36.     Plaintiff is entitled to compensatory damages, medical expenses and all equitable relief.

37.     Plaintiff and Defendant entered into an employment contract. Plaintiff was, at all time, ready, willing and able to perform his duties and obligations under the existing contract.

38.     Defendant owes Plaintiff the duty to honor his rights under the contract, further, under the Constitution of the United States and the duty to not discriminate against Plaintiff on the basis of age, or to allow him to be free from discrimination is an implied provision of said contract.

39.     These violations have caused his additional suffering and humiliation.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to provide the following relief, compensatory and punitive damages:

a)      Declare that the acts and practices complained by, herein, are in violation of and the Civil Rights Act and Age Discrimination in Employment Act;

b)      Declare that Defendant's acts and practices deprived Plaintiff of his rights, privileges and immunities conferred under the United States Constitution;

c)      An award of reasonable attorney's fees together with costs and disbursements, such as witness fees and expert witness fees, under the Equal Access to Justice Act, 28 USC 2412 (b);

d)      Direct Defendant to pay for loss of income, mental anguish, pain, suffering

and humiliation in a sum of at least $3,500,000.00;

    e)    Direct Defendant to pay Plaintiff damages for loss of enjoyment of life in the sum of at least $1,500,000.00 in addition to the compensatory damages claimed above;

    f)    Plaintiff is awarded prejudgment interest;

    g)    Plaintiff is awarded the payment of medical expenses incurred; and,

    h)    Any other relief that this Honorable Court deems appropriate and just.

    i)    Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rule of Civil Procedure.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 16th day of June, 2004.

S/ELAINE RODRIGUEZ FRANK
PO BOX 194799
SAN JUAN, PR 00919-4799
TEL. (787) 250-8592
FAX. (787) 250-0392
USDC 209814

COMPLAINT/553