UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MIKE FIGUEROA,
Plaintiff

CIVIL NO. 04-1569(DRD)

v.

ANTHONY J. PRINCIPI,
DEPARTMENT OF VETERANS AFFAIRS,
Defendants

## O R D E R

  Pending before the Court is *Plaintiff's Request*. (Docket No. 73). Through said motion, plaintiff requests the Court strike from the record defendant's *Motion for Leave to File in Excess of Ten Pages*; *Reply to Plaintiff's Opposition to Motion for Summary Judgment*; and *Defendant's Reply Statement of Material Facts*. Plaintiff argues that, even though the Court has yet to rule on defendant's request for an extension of time to file said *Reply* (Docket No. 68), the Court had previously ruled that al parties are precluded from filing any individual or joint motions requesting case management deadline extensions through its *Order* of August 9, 2005 (Docket No. 23).

  Once again, the Court takes time to remind all parties that the instant case has been, since the beginning, plagued with requests, **BY ALL PARTIES**, for extensions of time regarding every single ordered deadline by this Court. In the spirit of fairness, the Court has been gratuitously generous in consistently extending deadlines for all parties. For the **SECOND** time, the Court also emphasizes that it has been more than clear in innumerable occasions expressly ordering -- in capitalized and bold letters -- that no more extensions would be granted unless a certified showing of good cause was proffered and that having too many cases to handle was not going to be accepted as good cause (*see* O'Connell v. Hyatt, 357 F.3d 152, 154 (1st Cir. 2004), and Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 5 (1st Cir. 2002), respectively). Albeit this quite intelligible forewarning, the parties, particularly defendant, **INSIST** on requesting extensions of time (and even extensions over their requested extensions) proffering a heavy workload and/or technical difficulties as their excuse. Finally, the Court did issue a previous warning that "further lollygagging throughout the proceedings will warrant denouement not excluding [ ] default, and/or any other severe sanction", and that it was precluding all parties from filing further motions to extend time beyond that provided by the case management order and the local rules. However, the Court wishes to hold its hand and will not enter default against defendants at this time.

  Accordingly, plaintiff's request to strike documents (Docket No. 73) is **GRANTED**. The **Clerk of Court** is **INSTRUCTED** to **STRIKE** from the record Docket Nos. 70, 71, and 72. Finally, defendant's motion for extension of time found at Docket No. 68 is **MOOT** pursuant to the order contained herein.

  **IT IS SO ORDERED.**

**Date**: October 19, 2004

S/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**